MANHIG HOLDING CORPORATION, Respondent, v. BRICK HOUSE CONTRACTING CORPORATION and Others, Defendants, and SPLENDID CORPORATION, Tenant, Appellant; FRED L. BURNETT, Receiver of Rents, etc., Respondent.— Order reversed on the law, with ten dollars costs and disbursements, and the matter remitted to Special Term to take further proof by affidavits or otherwise concerning the making of the lease and whether or not it was one actually in writing; as to whether the lease alleged to have been made was one collusive or fraudulent in its nature, and for an inadequate rental; and whether the advance payment thereon was made in bad faith in anticipation of the foreclosure action. If there was outstanding at the time of the foreclosure a *bona fide* lease on which advance payments had been made in good faith, then there was no power in the court to fix a sum for occupational rent in excess of the rent reserved in the lease. (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285; *Prudence Co.* v. *160 West 73d St. Corp.*, 260 id. 205; *Holmes* v. *Gravenhorst*, 238 App. Div. 313 [2nd Dept.], decided April 26, 1933.) If, however, the lease was collusive or fraudulent, for an inadequate rental, or advance payment of rent was made in anticipation of a foreclosure action, then the rights of the receiver may not be frustrated and the tenant may be compelled to pay for the reasonable use and occupation of the premises, or vacate at its option. (*Prudence Co. Case, supra*, 213.) In fixing the occupational value

*Affd., 240 App. Div. 731.

the court should be guided by the reasonable value thereof and not by the necessities of the owner or mortgagor in the production of sufficient revenue to pay the carrying charges. The record does not sufficiently indicate whether or not the lease was *bona fide*, although the circumstances seem to cast doubt on the good faith of the terms of the lease and the advance payments made. Further inquiry should be made into this subject. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.